No. 31,805

CECIL JONES, *Appellant*, v. FLEXIBLE FORMS COMPANY et al., *Appellees*.

(36 P. 2d 1027)

Opinion filed November 3, 1934.

*Harry Sullivan* and *A. M. Etchen*, both of Kansas City, for the appellant.

*H. S. Roberts*, of Kansas City, and *G. J. Newlands*, of Chicago, Ill., for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was a workmen's conpensation case. The claimant fell from a scaffold and sustained injuries while working for the respondent bridge company. The accident happened on May 26, 1933. His employer paid him compensation for 20 weeks at the rate of $9 per week, beginning June 3, and ending October 21, 1933.

On June 24, while receiving weekly compensation as above, claimant filed a formal claim for compensation. By a joint petition and stipulation of claimant and respondent, together with certain medical reports, a settlement and release were agreed to and submitted to the commissioner for his approval. Among the details of that settlement was an admission over the signature of claimant that he had returned to work on October 21, 1933. However, this settlement and release were not approved by the compensation commissioner; and on October 6 a hearing was held to determine the nature and extent of claimant's injuries.

The only doctor who had treated the claimant testified that in his opinion claimant had entirely recovered from his injury. Another medical expert who made a professional examination of claimant submitted a formal report dated August 3, 1933, which in part read:

"It is the opinion of this examiner that this patient is making an excellent recovery and should make a complete recovery within two weeks without disability."

The compensation commissioner denied any further award, and an appeal to the district court followed, where the cause was tried on the record made before the commissioner as the statute directs.

The district court declined to disturb the compensation commissioner's disposition of the cause; but in its findings and judgment were certain matters which are made the basis of an appeal to this court. The material parts of these read:

"3. From a careful reading of the entire record submitted in this case, the court finds from the evidence that at the time of the hearing on October 6 the claimant was then suffering from a temporary partial disability and not from a total disability.

"The evidence does not show the extent of claimant's disability in quantity, neither does it show the time in which claimant will probably recover, nor does the record show what amount the claimant will probably be able to earn in the future during his partial disability.

"The court concludes as a matter of law:

"1. That the claimant was entitled to an award by the commissioner of compensation.

"2. That inasmuch as no evidence was admitted into the record of the claimant's probable weekly earnings or the time which would probably be covered by his partial disability, this court cannot make any award for the reason that, in the absence of evidence as to future earnings, the court cannot compute the compensation.

"3. The award is therefore denied."

On the foregoing findings of fact it is now contended that the trial court erred in refusing to award compensation to the claimant. The argument is projected that since the trial court found that claimant was suffering from temporary partial disability at the time of the hearing before the commissioner (October 6), and there was no evidence estimating the probable duration of such partial disability, it was the duty of the court to allow him the minimum of $6 per week for eight years, less the 20-weeks compensation he had already received.

But it has often been held by this and other appellate tribunals that a trial court's reasons for its judgment, wise or otherwise, are of no consequence if the judgment itself is correct. (*State, ex rel., v. Iola Theater Corp.*, 136 Kan. 411, 414, 15 P. 2d 839; 2 Third Dec-Dig. pp. 310-314.)

There was evidence that claimant's disability would end in two weeks from the date of the hearing. It was the trial court's privilege to disbelieve that evidence if so inclined. It erred, however, in its ruling that there was a total want of evidence on the subject. However, it is perfectly obvious that the proceeding before the compensation commissioner was not to recover compensation for temporary partial disability, nor was the record brought before the district court for review upon that theory. It was tried first and last on a claim for permanent total disability. That was the tenor of the evidence adduced by claimant's witnesses. He neither offered evidence nor contended that he was suffering from partial disability. Respondent's evidence was to the effect that he was simulating pain and disability, but that whatever injuries he had sustained had been cured or would be entirely cured in two weeks; and the compensation which he received extended to the end of that period.

Such a situation presents no error of law which would permit this court to disturb the result, and our limited appellate jurisdiction in compensation cases goes no further.

The judgment is affirmed.